HERDEGEN, Respondent, vs. COTZHAUSEN, Appellant.

*January 16 — January 31, 1888.*

*Corporations: Transfer of stock not fully paid: Void certificates: Duty of secretary.*

1. The fact that certificates of stock purporting to be fully paid were inadvertently issued when the subscribers had paid but two thirds of their subscriptions, and that the secretary of the corporation has been ordered by the directors to call in and cancel such certificates, does not justify the secretary in refusing to transfer on the books stock purchased from one of such subscribers. Nor is it material whether the sale of the stock was *bona fide* or not.

2. The purchaser, in such a case, becomes responsible for whatever remains unpaid upon the shares purchased.

APPEAL from the Circuit Court for *Milwaukee* County.

Application to compel the transfer of stock upon the books of a corporation. The facts are stated in the opinion. Upon the hearing it was ordered by the circuit court that the secretary of the corporation "transfer twenty-eight shares of stock mentioned in the petition and affidavit of *Adolf Herdegen,* on the books of the company, on or before Tuesday, December 6, 1887, on presentation to him of the said shares of stock, or that in lieu of such transfer the company execute, make, and deliver, on or before the said day, a bond in the penal sum of $2,800, conditioned that they pay all damages that might arise on account of their refusal to transfer the said stock to said *Herdegen* as herein ordered." The secretary of the corporation appealed from such order.

For the appellant there was a brief by *Cotzhausen, Sylvester & Scheiber,* and oral argument by *Mr. Scheiber.*

For the respondent there was a brief by *Herdegen & Haring,* and oral argument by *Mr. Herdegen.* They contended, *inter alia,* that the unpaid balance of 33⅓ per cent. had not been called in, and no assessment had been made

for the whole or any part thereof prior to the transfer of the stock to *Herdegen.* The company had, therefore, no lien on the stock. If any assessments can be made, the party to whom the stock was transferred is liable therefor. *Kahn v. Bank of St. Joseph,* 70 Mo. 262, 8 Am. Corp. Cas. 232; *Brigham v. Mead,* 10 Allen, 245; *Chouteau Spring Co. v. Harris,* 20 Mo. 383; Morawetz on Corp. secs. 143, 254; *Webster v. Upton,* 91 U. S. 65. Even if the certificates are void, the stockholder still has the right to have his stock transferred. A transfer of stock is complete without a certificate, and the transferee has a full right to vote, to receive dividends, and to transfer the stock. Lowell on Transfer of Stock, sec. 109; Morawetz on Corp. sec. 173; Cook on Stockholders, sec. 10; *First Nat. Bank v. Gifford,* 47 Iowa, 575; *Nat. Bank v. Watsontown Bank,* 105 U. S. 217; *Brigham v. Mead,* 10 Allen, 245; *Hawley v. Upton,* 102 U. S. 314.

COLE, C. J.   This is an application under sec. 1752, R. S., for the transfer of stock on the books of a corporation. The petitioner states in his affidavit that he is the owner of twenty-eight shares of the stock of the Beck & Pauli Lithographing Company; that this stock was sold and assigned to him by H. G. Tischer, who had owned it and held the certificates therefor, which certificates he had delivered to the petitioner; that the petitioner had applied to the secretary of the company at his office, and requested the secretary to transfer the stock to him upon the books of the company, which the secretary has refused to do. The secretary, in his answer to the order of the court requiring him to show cause why he refused to transfer the stock, assigns a number of reasons for such refusal. The secretary states, among other things, that Tischer was a subscriber of the capital stock of the corporation, and had paid only 66⅔ per cent. of such subscription; that by inadvertence certif-

icates were issued to him, purporting upon the face to be fully paid up, without reference to the fact that the stock was subject to further calls or assessments to the extent of one third — being the balance due thereon; that the board of directors, when attention was called to the matter, ordered the secretary to call in and cancel such certificates which had been inadvertently issued without warrant of law, unless the holder thereof would pay the balance due thereon, and the petitioner and Tischer had notice of this action of the board of directors. The secretary further states, upon information and belief, that the petitioner was not a *bona fide* purchaser of the stock, and that the transfer to him was but colorable.

We do not think any sufficient reason is shown by the secretary to justify him in refusing to transfer the stock upon the books of the company. The facts show that the petitioner is entitled to such transfer, subject, of course, to the right of the company to call for the payment of the balance of the stock, and also subject to any lien which the company may have upon the shares for debts due from the owner thereof to the corporation. This lien is given by the statute, and the petitioner, when he acquired the right of his assignor in the stock, was bound to take it subject to the obligation attached to the ownership thereof. The petitioner insists that the facts show that there was no debt due the corporation by Tischer, therefore there was no lien upon the stock. But it clearly appears that Tischer had only paid two thirds of his subscription. He was certainly liable for the payment of the remainder, as well as other debts which he might have owed the corporation. Sec. 1751 provides that the corporation "shall at all times have a lien upon all shares of stock for all debts due from the owner thereof to such corporation." It may be true that the one-third unpaid subscription had not been called for, but still the owner was liable for it beyond all controversy.

This is very plain from the whole statute on the subject. For instance, sec. 1756 provides if any stock shall be transferred which is not fully paid the corporation may, by agreement to be noted on the stock-books, discharge the stockholder making such transfer from liability to it for the unpaid part of his stock subscription, and accept that of the person to whom the stock is transferred in his place; but the person transferring such stock remains liable to the creditors of the corporation for such unpaid part for six months after the transfer. But still the facts show that Tischer had an interest in the stock to the extent of paid assessments, and this interest, presumably, was valuable. We see no reason why it could not be sold and assigned like any chose in action. The petitioner becomes liable for the unpaid balance of the shares upon acquiring the interest of Tischer. The authorities cited by counsel show very clearly that he would be responsible for whatever remains unpaid upon the shares which were transferred to him.

The counsel for the company assumes that the petitioner asks to have the certificates which have been transferred to him cancelled, and new certificates of full-paid stock issued. Counsel correctly says that this would be asking for the issue of void stock certificates, which the secretary ought not to be required to issue. This position is undoubtedly sound, but we do not understand that the petitioner asks for any such thing. Of course the secretary would have no authority in law to issue certificates for full-paid stock when only 66⅔ per cent. of the shares had been actually paid. If any such certificate were issued it would be void under our statute, as the certificates now held by petitioner are. Sec. 1753 not only prohibits the issue of any stock or certificates of stock except for money actually received equal to the par value thereof, but it makes all fictitious stock certificates void. But we can see no objection to a transfer on the books of the company of the beneficial in-

terest of Tischer in the stock to the petitioner. Further than this the order of the court should not go. This will give the petitioner the beneficial interest in the stock which belonged to Tischer, and preserve to the corporation its lien upon the shares for all debts due it from the former owner, and also make the present owner liable for all unpaid subscriptions on the shares. We cannot perceive that it concerns the company whether the petitioner is a *bona fide* purchaser from Tischer or not. What interest can the company have in the determination of that question, or how are its rights affected, whatever the real fact may be? But as we have said, there should be no certificate issued except for full-paid stock. The officers of the corporation have no authority in law to issue certificates of stock purporting upon their face to be for fully-paid stock when only 66⅔ per cent. had been actually paid. Such certificates were void in law, and contrary to public policy, and should not be sanctioned. The order appealed from is not sufficiently specific to protect the corporation in making the transfer; besides it is erroneous in requiring the corporation to give a bond if the transfer is not made upon its books.

For these reasons the order of the circuit court is reversed, and the cause remanded for the entry of an order in accordance with this opinion.

*By the Court.*— Ordered accordingly.