# Marshall *v.* Olds.

*Bill in Equity to enforce Resulting Trust in Lands.*

1. *Amended bill; departure from original.*—Where the original bill seeks to enforce a resulting trust in favor of the complainant, in lands alleged to have been redeemed by her father, for her benefit, from the purchaser at a sale under a chancery decree, the legal title being taken in the name of the defendant, his son; an amended bill, which alleges that the father redeemed the land for his own use and benefit, and

[Marshall v. Olds.]

asserts title in the complainant as one of his heirs, bringing in the other heirs as co-plaintiffs with her, is a departure from the original bill, and is not allowable.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 28th December, 1886, by Mrs. Martha E. Olds, as sole complainant, against Humphrey Marshall, who was her brother; and sought to enforce a resulting trust in a tract of land, which had been once conveyed to the complainant by Anselm Marshall, since deceased, but was afterwards sold by the register in chancery, under a decree setting aside that conveyance as fraudulent against the complainant in the suit. W. Washington became the purchaser at the sale by the register, and received a conveyance from him. The defendant in this suit, H. Marshall, afterwards redeemed from Washington, and took a conveyance to himself; but the bill alleged that the purchase-money was furnished by said Anselm Marshall, and the land redeemed for the benefit of the complainant, the allegations being in these words: "On or about the 1st January, 1881, said A. Marshall called the defendant, his son, to his bedside, and told him that he wanted to redeem said land from said Washington for your oratrix, and said: 'I have here $165, and I want you to borrow the balance from W. J. Tally, and go and pay Washington'; to which the defendant replied, that he would go and attend to the matter for him, and could let him have the balance of the money without borrowing from Tally; to which said Marshall assented."

A demurrer having been sustained to the original bill, an amended bill was filed, to which a demurrer was also sustained; and a second amended bill was then filed, in which the complainant's several brothers and sisters, as heirs of said A. Marshall, were joined as complainants with her, and which contained the following allegations as to the trust sought to be enforced: Said A. Marshall called his son [defendant] to him, and said: "I have here $165 in money, take it, and go to W. J. Tally, and tell him to lend me what he can spare; and if you fail to get enough from Tally, collect or raise whatever you can from any thing due me, and redeem said land for me, as the time for redemption will soon be out; and I want the land redeemed in my name, so that, when I die, all of my children can share equally in it;" and that the land was redeemed pursuant to this arrange-

ment.  The chancellor owerruled a demurrer to the amended bill, and his decree is now assigned as error.

R. C. BRICKELL, with DOBBS & HOWARD, for appellant, cited *Mobile Life Ins. Co. v. Randall*, 74 Ala. 176; *Jones v. Reese*, 65 Ala. 135; *Glass v. Glass*, 76 Ala. 371; *Ward v. Patton*, 75 Ala. 208; *Ray v. Womble*, 56 Ala. 37; *Rapier v. Gulf City Paper Co.*, 69 Ala. 480; *Shields v. Barron*, 17 How. 144; *Verplank v. Insurance Co.*, 1 Edw. Ch. 25; *Denniston v. Little*, 2 Sch. & L. 11, note; *Lindsay v. Lynch*, 2 Sch. & L. 1; 60 N. Y. 272; 16 N. Y. 554.

J. E. BROWN, and R. C. HUNT, *contra*.

SOMERVILLE, J.—The amended bill, in our opinion, is a radical departure from the case made by the original bill, and makes an essentially new case, by materially changing the title under which the complainant, Mrs. Olds, claims relief.  The original bill claimed a resulting trust in the land for Mrs. Olds' sole benefit, based on an alleged agreement between her father, one A. Marshall, and herself, by which he furnished the money to the defendant H. Marshall, his son, to redeem the land in controversy from sale under a decree of the Chancery Court.  It alleges that the son redeemed it accordingly, taking a conveyance of the legal title to himself.  The amended bill alleges both a new right or title, and a new contract, in this; that the father, A. Marshall, made the redemption of the land for his own use and benefit, and not for that of Mrs. Olds; thus creating a resulting trust in his own favor, the legal title having been taken in the name of H. Marshall, the son.  The death of the father is further alleged, and the title of the complainant thus becomes that of an heir, and not only an heir, but a tenant in common of the lands with the other complainants, who have been made parties complainant by the amendment.

Under the rule laid down by our past decisions, the chancellor erred in not sustaining the demurrer to the second amended bill.—*Ward v. Patton*, 75 Ala. 207; *Rapier v. Gulf City Paper Co.*, 69 Ala. 476; *Jones v. Reese*, 65 Ala. 134; *Scott v. Ware*, 64 Ala. 174; *Glass v. Glass*, 76 Ala. 369.

Reversed and remanded.