# Walls, *et al., v.* Smith & Co., *et al.*

## *Tresspass.*

(Decided April 7, 1910.   52 South. 320.)

1. *Highways; Obstruction; Action by Private Person.*—Unless the individual has suffered injury peculiar to himself and different from that suffered by the public, he cannot maintain a private action for damages for obstructing a highway; if the offense is one against the public, it becomes punishable by indictment as for a common nuisance, or the nuisance should be abated by a bill in the name of the state in avoidance of a multiplicity of suits.

2. *Same; Pleading; Action.*—Where the entire claim in an action for damages for obstruction to a highway is for damages peculiar to the plaintiff himself, and the complaint does not aver any recoverable damages, nominal or general damages will not be presumed from the mere wrongful act alleged.

3. *Same.*—Where the allegations were that in constructing a railway across a public road upon which plaintiff's store was located, the defendant constructed an archway over said public road, and made deep and dangerous depressions and filled in on each side of the archway with dirt, stones, timber, etc., and that by reason of such obstructions plaintiff was greatly inconvenienced in travel from their store to their home, and in the delivery of goods and merchandise to their customers; that they incurred expense for wagons, teams and drivers in order to deliver their goods by a different and more inconvenient route by reason of such obstructions, and that because of such obstructions they lost customers and trade and their business was greatly damaged thereby, the complaint was demurrable as not stating a cause of action as the inconvenience suffered was not different from that suffered by the public at large, and the damages claimed for loss of business and the incurring of additional expense, were remote and speculative.

4. *Pleading; Demurrer; Grounds.*—Where a complaint sets forth a valid claim for general or nominal damages, it is not rendered demurrable by the addition of claim for special damages, although the special damages are not recoverable. In such case, the remedy is by motion to strike such special claim, objections to evidence or requested instructions.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by O. C. Walls and others against C. D. Smith & Co., and others for damages. Judgment for defendants, and plaintiffs appeal. Affirmed.

The counts as finally amended are as follows:

"(1) Plaintiffs claim of defendants the sum of $5,-000 damages, and allege: That, on, to wit, May, 1907, the defendants, in the construction of a roadbed or railway line through Reeder's Gap into the city of Bessemer, Jefferson county, Alabama, and across the public road known as the Eastern Valley public road, graded, filled, and excavated said railway across said road, which said Eastern Valley public road was a highway. The construction of said railway continued from, to wit, May, 1907, for the entire period up to and including the date of the institution of this suit, to wit, December, 1907.

That during said time plaintiffs occupied and had in operation a merchandise business in a store or building situated at the intersection of said Eastern Valley road and Fairfax avenue of the city of Bessemer. That they had sundry customers living along from said store down said Eastern Valley road south of said store for a radius of some distance. That their homes were situated in Jonesboro, and that they used and traveled to and from said store said Eastern Valley road, which was a public road, and that they used and traveled said road to deliver their merchandise and drinks to customers and to their homes, and that customers used and traveled said road to purchase of plaintiffs their goods at said store up to and until, to wit, May 1907, at which time they aver defendants constructed across Eastern Valley public road an archway immediately across or over said road, and made and excavated in said Eastern Valley road deep and dangerous depressions, and filled in on each side of said archway with dirt, stones, timbers, and other materials, until it completely obstructed said Eastern Valley road. That during the construction of said road it became filled in with trees, logs, large stones, and other substances at or near the intersection of said Eastern Valley road with Fairfax avenue, and that they maintained said obstacles as aforesaid, in said Eastern Valley road, and across same, from the period of, to wit, May 1907, and the remaining part of said year, up to and including the date of filing this suit as aforesaid. Plaintiffs aver that owing to and as a proximate consequence of obstructing said Eastern Valley road, they were greatly inconvenienced in their travels from their said store to their homes at Jonesboro, that they were deprived of ingress and egress to and from their store, and to deliver their goods and merchandise to their cus-

tomers; that they incurred expense for wagons, teams, and employes to haul and deliver their goods at a different and very inconvenient route, and owing to said inconvenience from the obstacles in the said Eastern Valley road, placed there by the defendants aforesaid, they were deprived of getting a number of customers and lost trade, and their said business was greatly damaged, to their damage as aforesaid."

The second count states the facts substantially as stated in the first count, with the additional allegation that by the obstruction of said public highway defendants wantonly, willfully, or intentionally damaged the plaintiffs, and their damages are alleged as in the first count.

PINKNEY SCOTT, for appellant.—The method to raise questions as to special damages claimed is not by demurrer but by motion to strike, objections to evidence or requested instructions.—*Treadwell v. Tillis,* 108 Ala. 262. The complaint clearly charges a nuisance established and maintained across a public road.—*Evans v. S. & W. Ry. Co.,* 90 Ala .56; *C. & W. Ry. Co. v. Witherow,* 82 Ala. 193; *City of Demopolis v. Webb,* 87 Ala. 665; *Beard v. Hicks,* 50 South. 232. The action was maintainable by the lessee in this case.—*Stein v. Burden,* 24 Ala. 130; *Crommelin v. Cox,* 30 Ala. 228, 21 A. & E. Ency of Law, 721.

TILLMAN, BRADLEY & MORROW, and E. H. DRYER, for appellee.—The amendment worked a departure and constituted a variance. The original complaint claimed damages resulting to a partnership business.—*Ala. Const. Co. v. Watson,* 48 South. The defendants took the only proper course by moving to strike the amendment.—*D. A. R. R. Co. v. Mallon,* 57 Ala. 168; *Freeman*

*v. Speigle,* 83 Ala. 191; *L. & N. v. Barker,* 96 Ala. 410; *James v. Vickors,* 119 Ala. 32. Where an appellant does not think it worth his while to discuss the various grounds of demurrer, the appellate court will not undertake the task of investigation for him.—*Williams v. Spraggins,* 102 Ala. 424; *Fitts v. Phoenix Auction Co.,* 153 Ala. 635. The conclusion of the pleader that a nuisance was created was not justified by the specific allegation of fact.—*Crofford v. A. B. & A.,* 48 South. 366. Nor give to anyone not an abutting property owner a right of action unless deprived of a reasonable and convenient outlet to neighboring thoroughfares—Authorities supra; *Southern Ry. Co. v. Albes,* 153 Ala. 523; *Jackson v. Bir. F. & M. Co.,* 45 South. 660. The damages alleged were too remote and speculative.—*McNamara v. Logan,* 100 Ala. 187; *Shields v. Sheffield,* 79 Ala. 91; *Posey v. Hare,* 12 Ala. 567.

SAYRE, J.—The text-books and adjudicated cases are agreed that for an obstruction of a public and common right of way no private action will lie, unless it be alleged and shown that the plaintiff has thereby suffered injury peculiar to himself; that is, different in kind and degree from that suffered by the public. The reason for this rule, accepted from the beginning as sufficient, is that the offender should be punished by indictment as for the maintenance of a common nuisance, or the nuisance be abated by bill in equity in the name of the state; for otherwise suits would be multiplied intolerably.—*Stetson v. Faxon,* 19 Pick. (Mass.) 147, 31 Am. Dec. 123, note; Wood on Nuis. § 646; Joyce on Nuis. § 218 et seq., where many cases are cited. See also, *Baker v. Selma Street Ry. Co.,* 135 Ala. 552, 33 South. 685, 93 Am. St. Rep. 42, and *First Nat. Bank v. Tyson,* 133 Ala. 459, 32 South. 144, 59 L. R. A. 399, 91

Am. St. Rep. 46. The reported cases show that the courts have been much vexed in the application of this general principle to particular cases. This much, however, seems clear: That if one's access from his property to the highway be so materially impaired as to affect its value, or if, while attempting to use the highway, one sustains direct injury to his person or property, an action will lie. And here we note the absence from the complaint in this case of any averment of injury of either kind. But where the obstruction is so remote from plaintiff's property as not to affect its permanent or rental value—and in this case there is no allegation that the value of plaintiff's property was impaired—so that the plaintiff is merely driven to a circuitous route or a longer road, the authorities hold that no peculiar injury is shown, but only an interference with the common right of passing and repassing.

Thus in the modern English case of *Winterbottom v. Lord Derby*, L. R. 2 Exch. 316, it was held, upon consideration of many cases, that if the plaintiff proves no special damage to himself beyond being delayed on several occasions in passing along a highway, and being obliged, in common with all others who would use the way, either to go by a less direct road or to remove the obstruction, he cannot maintain an action. It was urged that actual delay was a cause of action. But the court said: "In this case, where the plaintiff, on one or more occasions, merely went up to the obstruction and returned, and on other occasions went and removed the obstruction—that is to say, he suffered an inconvenience common to all who happened to pass that way— I think that to hold the action maintainable would be equivalent to saying it is impossible to imagine circumstances in which such an action could not be maintained." In the Massachusetts case of *Blackwell v. Old Col-*

*ony Railroad Co.,* 122 Mass. 1, plaintiff complained that the defendant had prevented the use of his wharf in his business of selling, shipping, and storing merchandise, by building a bridge across a navigable stream and arm of the sea, and sought to recover the loss of income and profits from his business. The court said: "The fact that the plaintiff alone now navigates the stream, or has a wharf thereon at which he carries on business, only shows that the present consequential damage to him may be greater in degree than to others, but does not show that the injury is different in kind, or that other riparian proprietors and the rest of the public may not, whenever they use the stream, suffer in the same way. The case has no analogy to those in which an obstruction in a navigable stream sets back the water upon the plaintiff's land, or, being against the front of his land, entirely cuts off his access to the stream, and thereby causes a direct and peculiar injury to his estate or in which the carrying of an offensive trade creates a nuisance to the plaintiff." And a demurrer was sustained. To the same general effect are the following, among other cases which might be mentioned: *Houck v. Wachter,* 34 Md. 265, 6 Am. Rep. 332; *Clark v. Chicago, etc., Ry. Co.,* 70 Wis. 592, 36 N. W. 326, 5 Am. St. Rep. 187; *Shaubut v. St. Paul, etc., R. R. Co.,* 21 Minn. 502; *McCowan v. Whitesides,* 31 Ind. 235; *O'Brien v. Norwich, etc., R. R. Co.,* 17 Conn. 372; *Stufflebeam v. Montgomery,* 3 Idaho, 20, 26 Pac. 125.

In another line of cases special and peculiar damages have been found and allowed, as where the defendant obstructed a navigable creek over which plaintiff was then moving his goods in barges, whereby plaintiff was compelled to carry his goods overland at great expense (*Roes v. Miles,* 4 M. & S. 101); as where the plaintiff was actually detained four hours with three

[Walls, et al. v. Smith & Co., et al.]

loaded asses (*Greasly v. Codling*, 2 Bing. 263) ; and as
where the plaintiff was prevented from performing a
contract which he had (*Dudley v. Kennedy*, 63 Me.
456). These were cases in which peculiar and special
damages flowed proximately from the act complained
of. The Massachusetts case from which we have quot-
ed, and other cases of that character, on the other hand,
are to be justified, as we think, upon the ground that the
damages claimed were speculative, remote, and not ca-
pable of positive proof. And the ruling of the trial
court in this case must be sustained, for the reason that,
in so far as the complaint shows mere inconvenience in
traveling to and fro the plaintiff suffered no injury dif-
ferent in degree and kind from that suffered by the
general public. As for those damages which are claim-
ed for the loss of business, and the employment of ad-
ditional wagons, teams, and employes, and the building
of a new road, they are speculative and remote. They
amount to nothing more than a claim for the profits of
the business which plaintiffs might have done, without
these additional aids, but for the obstruction. They
cannot be recovered.

If the complaint had set forth a valid claim for gen-
eral or nominal damages, it would not have been laid
open to demurrer by the addition of the special dam-
ages claimed, though the special damages were not re-
coverable. In that case defendants' response to the im-
proper elements of damage claimed should have been by
motion to strike, objections to evidence, or by requests
for instructions to the jury.—*Treadwell v. Tillis*, 108
Ala. 262, 18 South. 886. But the principles considered
as determining the nature of plaintiff's right in the
premises lead to the conclusion that plaintiff could not
maintain his suit as for nominal damages only. The
gist of the action in cases of this class is the peculiar

private injury, which must be alleged and proved.— *Smith v. McDowell*, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393; *Houck v. Wachter, supra*. The entire claim being for peculiar damages, which are special also, and necessarily so, and no such recoverable damages being averred in the complaint, no room is left for presuming the existence of nominal or general damages from the mere wrongful act alleged.—*Nichols v. Rasch*, 138 Ala. 372, 35 South. 409. The demurrer was therefore well sustained.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.