(112 So. 309)

**RUSSELL et al. v. HOLDERNESS.**

(6 Div. 819.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

1. **Municipal corporations ⚖=671(9)—Bill to enjoin nuisance held sufficient averment of dedication and ownership of abutting lots as against general demurrer (Code 1923, § 6553).**

In suit for injunction to abate nuisance, bill reciting filing of map or plat containing street on which complainant owned lot, and that street was dedicated to public use, *held* sufficient, under Code 1923, § 6553, to show dedication and ownership of lots as against general demurrer for want of equity.

2. **Nuisance ⚖=80—Individual seeking abatement of public nuisance must show irreparable injury, not compensable in single action at law.**

To entitle private individual to maintain bill in equity to abate public nuisance, complainant must show irreparable injury, which cannot be compensated by damages in single action at law.

3. **Nuisance ⚖=72—Individual seeking abatement of public nuisance must show damages peculiar to him.**

In order to have public nuisance abated, private individual must show he has suffered, or is threatened with, damages peculiar to him, and different in kind from that suffered by public generally.

4. **Nuisance ⚖=72—Individual's peculiar damage from public nuisance must relate to use and occupation of property.**

To authorize interference by court of equity to abate public nuisance at suit of individual, peculiar damage suffered by, or threatened to, complainant must relate to use and occupation of property as distinguished from damage to market value of property not used or occupied; action at law for damages being adequate remedy for damage to unoccupied property.

5. **Municipal corporations ⚖=671(9)—Bill to enjoin nuisance alleging obstruction of street, causing irreparable damage by interrupting complainant's access to abutting property, held not demurrable (Code 1923, § 6553).**

Bill by private individual to enjoin public nuisance by obstruction of street, though subject to demurrer, *held* not subject to general demurrer for want of equity under Code 1923, § 6553, where complainant alleged ownership of lot along street to which access would be interrupted, causing irreparable injury by completion and maintenance, as threatened, of sawmill and lumber shed on street.

6. **Municipal corporations ⚖=671(6)—Abutting owner held not entitled to injunction to abate nuisance, diminishing value; remedy at law being adequate.**

Where lot of property owner was unimproved and unused, and street adjacent thereto had not to any appreciable extent been used for travel, and was unsafe at point where sawmill and lumber yard were constructed, property owner *held* not entitled to have nuisance abated, on ground that it diminished value of property by cutting off means of access; action at law being adequate remedy.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by Ada Holderness against Albert Russell and T. R. Simmons, doing business as the Cordova Lumber Company, and the Cordova Lumber Company, to abate a nuisance. From a decree for complainant, defendants appeal. Affirmed in part, and in part reversed and remanded.

The bill is in part as follows:

"(3) That on and prior to the 22d day of December, 1902, the Cordova Coal, Land & Improvement Company, a corporation, owned the lands embraced in the original corporate limits of the said town of Cordova, and especially the lands involved in this suit; that on the said 22d day of December, 1902, the said Cordova Coal, Land & Improvement Company executed, adopted, and promulgated a certain map or plat of the said town of Cordova, and filed the same for record in the office of the judge of probate on the 26th day of December, 1902; that in said map or plat were streets, blocks, and lots marked and designated by name or number; and that thereafter many lots and blocks so designated in said plat or map sold to various and sundry people by said numbers or names thereby recognizing said map or plat.

"(4) That in said map or plat there was a street named and designated as Commerce street, which was one of the streets named and designated in said map or plat; that said Commerce street was adopted and dedicated to the public use as a street in said town of Cordova; and that block No. 11, designated and shown in said map or plat, fronts on said commerce street.

"(5) That complainant owns a lot or lots in said block No. 11, facing said Commerce street, and there are six other residences in said block;

that Commerce street has been open, and a much-traveled street along by said block 11."

Curtis, Pennington & Pou, of Jasper, for appellants.

The bill on its face shows that appellee is a nonresident of Alabama; that the lot she alleges to own is unoccupied, unimproved, and received no more damage than other property and in common with the same. This is not sufficient, nor is the allegation as to ownership. Johnson v. Common Council, 127 Ala. 249, 28 So. 700; Sloss Co. v. Johnson, 147 Ala. 386, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285. A court of equity will enjoin a public nuisance at the suit of a private citizen only when the citizen has a legal right distinguished from the public and is without adequate remedy for its enforcement. Dennis v. M. & M. R. Co., 137 Ala. 649, 35 So. 30, 97 Am. St. Rep. 69; Roberts v. Mathews, 137 Ala. 523, 34 So. 624; Wharton v. Hannon, 101 Ala. 554, 14 So. 630; Chambers v. Ala. Iron Co., 67 Ala. 353; Davis v. Sowell, 77 Ala. 262; McBryde v. Sayre, 86 Ala. 458, 5 So. 791, 3 L. R. A. 861; Steele v. Sullivan, 70 Ala. 589; Whaley v. Wilson, 120 Ala. 502, 24 So. 855; Duy v. Ala. West. R. Co., 175 Ala. 175, 57 So. 724, Ann. Cas. 1914C, 1119; B. R. L. & P. Co. v. Moran, 151 Ala. 187, 44 So. 152, 125 Am. St. Rep. 21; Jones v. Bright, 140 Ala. 268, 37 So. 79; Stetson v. Faxon, 19 Pick. (Mass.) 147, 31 Am. Dec. 123, note; Southern R. Co. v. Ables, 153 Ala. 523, 45 So. 234. The averment of irreparable damage is a mere conclusion, and is not sufficient. Kellar v. Bullington, 101 Ala. 267, 14 So. 466; Bowling v. Crook, 104 Ala. 130, 16 So. 131; Cullman Prop. Co. v. Hitt Lbr. Co., 201 Ala. 155, 77 So. 574; 14 R. C. L. 332.

Sowell & Gunn, of Jasper, for appellee.

The complainant had the right to maintain the bill, whether she was a resident or nonresident, to protect her property from the acts of the respondents. Greil v. Stollenwerck, 201 Ala. 304, 78 So. 79; Cochran v. Purser, 152 Ala. 354, 44 So. 579; Demopolis v. Webb, 87 Ala. 659, 6 So. 408; First Nat. Bank v. Tyson, 133 Ala. 459, 32 So. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46.

BROWN, J. The bill in this case is filed by the appellee against the appellants, and seeks a mandatory writ of injunction to abate a public nuisance consisting of a sawmill, lumber yard, lumber shed, and other buildings constructed by the defendants in what is alleged to be Commerce street in the town of Cordova.

On submission on the demurrers to the bill, motion for a temporary writ of injunction, and testimony taken ore tenus, the court overruled the demurrers, and granted a temporary mandatory writ of injunction compelling the immediate removal of the structures complained of.

[1] The sufficiency of the averments of the bill as to the dedication of Commerce street as a public street is not questioned by special grounds of demurrer, and we are of the opinion that the averments of the bill in this respect, and as showing that the complainant's lot was included in the map or plat of the town as laid out and adopted by the Cordova Coal Land & Improvement Company, sufficiently appears as against the general demurrer for want of equity. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567; Code of 1923, § 6553.

[2] The generally accepted view is that, to entitle a private individual to maintain a bill in equity to abate a public nuisance, the complainant must show an injury that is irreparable, or one which cannot be adequately compensated by damages in a single action at law. Cabbell v. Williams, 127 Ala. 320, 28 So. 405; Dennis v. M. & M. R. R. Co., 137 Ala. 649, 35 So. 30, 97 Am. St. Rep. 69. To use the language approved by one of our cases, he must present a case "of material injury, and of that special and troublesome mischief which required a preventative remedy, as well as a compensation in damages." Rosser v. Randolph, 7 Port. 238, 31 Am. Dec. 712.

[3] In treating the character of damages required to be shown to invoke injunctive relief, some confusion seems to have arisen from a failure to observe with proper discrimination between the principles applicable to actions at law and suits in equity, but our decisions are uniform in holding that the complainant must show that he has suffered or is threatened with damages peculiar to him and different in kind from that suffered by the public generally. A., G. S. R. R. Co. v. Barclay, 178 Ala. 124, 59 So. 169; Sloss-Sheffield S. & I. Co. v. Johnson, 147 Ala. 384, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Cabbell v. Williams, supra; Jones v. Bright, 140 Ala. 268, 37 So. 79; First Nat. Bank of Montgomery v. Tyson, 144 Ala. 457, 39 So. 560; Greil v. Stollenwerck, 201 Ala. 303, 78 So. 79; Folmar Mercantile Co. v. Luverne, 203 Ala. 363, 83 So. 107.

[4] A discriminative examination of the authorities leads to the inevitable conclusion that to authorize interference by a court of equity the peculiar damage suffered by, or threatened to, the complainant must relate to the use and occupation of the property, as distinguished from damages to the market value of property not used or occupied. West v. Ponca City Milling Co., 14 Okl. 646, 79 P. 100, 2 Ann. Cas. 249.

In cases falling within the class last mentioned, an action at law for the damages suffered affords an adequate remedy. Dennis v. Mobile & Montgomery Ry. Co., supra; Walls et al. v. Smith et al., 167 Ala. 138, 52 So. 320, 140 Am. St. Rep. 24. On the other hand, where the complainant shows a substantial interference with the comfortable enjoyment and use of his property, by a nuisance of a re-

curring nature, a suit at law is inadequate because damages could only be recovered to the time of bringing the suit, and a multiplicity of suits would be necessary, and the mere fact that the damages as measured by a monetary standard are nominal is a reason for equitable interference rather than an argument against it. Walls et al. v. Smith, 167 Ala. 138, 52 So. 320, 148 Am. St. Rep. 24; Lead v. Inch, 116 Minn. 467, 134 N. W. 218, 39 L. R. A. (N. S.) 234, Ann. Cas. 1913B, 891; 20 R. C. L. 479.

[5] The bill here, as originally filed, after showing a dedication of Commerce street, sufficient as against the grounds of demurrers interposed to it, and the obstruction of the street by the defendants in such sort as to create a public nuisance, avers "that the complainant owns a lot in said block No. 11 facing said Commerce street and there are six other residences in said block; that Commerce street has been open and a much-traveled street along by said block 11; * * * that said buildings and plant, when completed and used, will close up said street at said place; that it will stop traffic and travel on said street entirely, or will prevent the free use of said street by the public, and will convert the public use of said street into a private use of the same, to the detriment and damage of the public, and to the damage of plaintiff's property and the property of others in said town, * * * and pervert said street from the use it was dedicated for, and complainant and other property owners in said town will suffer irreparable loss from the erection and maintenance of said nuisance."

The complainant, before submission on the demurrers and motion for temporary injunction, no doubt recognizing that these averments were not sufficient to show peculiar injury suffered by the complainant, within the rule, amended her bill by adding paragraph 8, which avers "that she owns lots or parcels of lands in said block No. 11, and that the stopping up of said street and the erection of houses and improvements in said street prevents complainant from the free and uninterrupted egress and ingress from and to her said property; that said lots or property abut on said street, and, if said street is allowed to be stopped up, the value of her property will materially deteriorate, and it will work irreparable damages to her, and she will not have an adequate remedy at law."

While an averment as a mere conclusion that the damages suffered are irreparable, or that the remedy at law is inadequate, without the averment of facts to support the conclusion, is not sufficient (Dennis v. Mobile & Montgomery Ry. Co., supra; Kellar v. Bullington, 101 Ala. 267, 14 So. 466; Bowling v. Crook, 104 Ala. 130, 16 So. 131; 20 R. C. L. 479, § 92), the averments here are more than a mere conclusion, and are certainly as full as the averments in Greil v. Stollenwerck, supra.

What we have said shows that the bill was subject to demurrer, yet, as was the trouble in Greil v. Stollenwerck, supra, it is not subject to the general demurrer for want of equity, nor to the special grounds assigned. Code of 1923, § 6553; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567. The decree of the court on the demurrer to the bill is free from error, and will be affirmed.

[6] The testimony presented on the hearing of the motion for the issuance of a temporary writ of injunction is without dispute in showing that the complainant's lot is unimproved and unused; that Commerce street adjacent to the complainant's lot is likewise unimproved, and has never been used or maintained by the town authorities, and has never, to any appreciable extent, been used by the public as a way of travel, and, at the point where the defendants have constructed the buildings complained of near the railroad track, the street is not suitable or safe for travel because of the embankment formed by the railroad grade and general contour of the earth's surface in the immediate locality, and, as a result of these conditions, the travel of the public for some 20 years or more has made a roadway across complainant's lot, and, if the complainant has suffered any damage, it is such as affects only the market value of the property, for which an action at law would afford an adequate remedy.

On this showing we are of the opinion that the learned trial court erred in awarding a temporary mandatory injunction, and the decree in this respect must be reversed. Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 83 So. 107.

The decree of the circuit court is therefore in part affirmed and in part reversed, and the cause is remanded.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.