162 So. 109

### HANNA et al. v. HARMAN.
### 3 Div. 130.

Supreme Court of Alabama.
June 6, 1935.

Rehearing Denied June 27, 1935.

Warren S. Reese, Jr., and S. H. Dent, both of Montgomery, for appellants.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellee.

**THOMAS, Justice.**

The amended bill was for injunction and to abate a nuisance, was demurred to, and demurrers held not well taken and overruled.

The bill is illustrated by a plat or map of the properties of the parties.

The original bill was by several complainants, and was amended by striking all of the original parties complainant, except Mrs. Harman.

The demurrer was amended by adding the following grounds:

"7. Said bill as thus amended either undertakes to abate a public nuisance and is filed by an individual instead of the State of Alabama, or is a radical departure from the original bill which sought to abate a public nuisance in that as now framed it seeks to abate a nuisance, whether public or private, from which damages result to the complainant peculiar to her and different in kind from that suffered by the public generally.

"8. Said bill as thus amended either makes an entirely new party complainant, substitutes a new cause of complaint, or is a radical departure from the bill as originally framed."

These present the issues for decision.

■ It is established in this jurisdiction that equity may abate a public nuisance, and that a private person can maintain a bill for abatement of such nuisance when it is shown that such party has suffered a special injury therefrom, which is real and distinct from that suffered by him in common with the public at large, and is so continuous in nature that the legal remedy for damages would be inadequate. Whaley v. Wilson, 112 Ala. 627, 20 So. 922; Jordan v. McLeod, 220 Ala. 672, 127 So. 160; City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F, 1020; State v. Ellis, 201 Ala. 295, 296, 78 So. 71, L. R. A. 1918D, 816; Russell et al. v. Holderness, 216 Ala. 95, 112 So. 309; McIntosh et al. v. Moody et al., 228 Ala. 165, 153 So. 182; Hundley v. Harrison et al., 123 Ala. 292, 26 So. 294; 29 C. J. 627, § 383.

■ The amended bill did not make an entire change of parties, or introduce a new cause of action, or so vary the averred facts on which there would be an essential change in the character of relief prayed and to which complainant is entitled; that is, the amendment was not repugnant to, nor inconsistent with, the object of the original bill, and was within the rule that obtains as to amendments. Section 9513, Code; Moseley v. Ritter et al., 226 Ala. 673, 148 So. 139; Ex parte Delpey, 188 Ala. 449, 66 So. 22; Pitts v. Powledge, 56 Ala. 147; Alabama Terminal & Improvement Co. v. Hall & Farley, Trustees et al., 152 Ala. 262, 44 So. 592.

The case of Marshall v. Olds, 86 Ala. 296, 5 So. 506, is radically different from the instant pleading. In that case the original bill claimed a resulting trust in land, based on an agreement with complainant's father by which money was furnished to redeem from sale under a decree in the chancery court. It was alleged "that the son redeemed it accordingly, taking a conveyance of the legal title to himself. The amended bill alleges both a new right or title, and a new contract, in this: that the father, A. Marshall, made the redemption of the land for his own use and benefit, and not for that of Mrs. Olds, thus creating a resulting trust in his own favor; the legal title having been taken in the name of H. Marshall, the son." This took that case from our statute of amendments, section 9513, Code. Such is not the pleading before us.

The decree of the circuit court is without error, and is affirmed.

Affirmed.

GARDNER, BROWN, and KNIGHT, JJ., concur.