12 So.2d 409

TOWN OF FRISCO CITY v. GREEN.

1 Div. 172.

Supreme Court of Alabama.

March 18, 1943.

Barnett, Bugg & Lee, of Monroeville, for appellant.

C. L. Hybart, of Monroeville, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court of Monroe County, in Equity, overruling demurrers to the bill of complaint of C. B. Green against the Town of Frisco City, Alabama, a municipal corporation, seeking to abate a nuisance, and a permanent injunction against its continuance, and damages for injuries already sustained.

In substance, the bill alleges that C. B. Green, complainant in the court below, and appellee here, is the owner of certain described lands located in Monroe County, in the vicinity of Frisco City; that on said lands is his dwelling house, in which he and his family reside; that for more than four years next preceding the filing of the bill of complaint, appellee has been engaged in the dairy business in Frisco City, and that practically all of the land described in the bill has been used as a pasture for his dairy cows. That a wet weather branch, running from east to west, crosses a good portion of said lands, and in wet weather said branch overflows and spreads out from its banks, and the waters therefrom flow over a considerable portion of said lands. That during the year 1939, the town of Frisco City constructed, and since that time has maintained and operated and is now operating, a sanitary sewer in and through said town, and into which constantly flows sewerage composed of filth and excreta from toilets or privies, and that the sewer discharges its flow into said branch at or near the boundary line of appellee's said land: that said sewerage is constantly being discharged upon appellee's land in said branch, polluting the waters of same when the branch is flowing; and in wet weather the aforesaid filth and human excreta is caused to flow over a great part of appellee's pasture lands, which are the only pasture lands which he owned: that said filth and excreta creates foul and nauseating odors, vapors and gases, which fill the air in and around his dwelling, which are detrimental to the comfort and

well being of appellee's dwelling. That on account of the pollution of said branch, the water therein is unfit for use of his dairy cows; that the grasses in his pasture have become contaminated and poisoned, and by reason thereof the milk from his dairy herd has become contaminated, and he has lost many of his dairy customers. That his property has greatly depreciated in value, and his dairy business, which theretofore had been profitable, has been practically destroyed by reason of the matters and things complained of. That his injuries are continuous and constantly recurring.

Appellant's only argument for a reversal is based on what is commonly known as the "comparative injury doctrine." Typical of the grounds of demurrer attempting to raise the question are the following:

"9. The bill of complaint does not allege facts from which the court could reasonably determine whether the granting of the injunction sought would result in a greater inconvenience or hardship to the Town of Frisco City, or to the inhabitants thereof, than the complainant would suffer by its denial.

"10. For aught that appears from the allegations of the complaint the granting of the injunction prayed for would result in a greater hardship or inconvenience to the Town of Frisco City, and to its inhabitants, than its denial would cause to the complainant. * * *

"14. For aught that appears from the allegations of the complaint the damages to the Town of Frisco City, and to its inhabitants, growing out of the granting of the injunction sought, would greatly exceed the damages to complainant growing out of its denial."

■ It is a general principle that a complainant's initial pleading need and should not, by its averments, anticipate a defense thereto and negative or avoid it. Merchants' Bank v. Zadek, 203 Ala. 518, 84 So. 715; Western Union Tel. Co. v. Howington, 198 Ala. 311, 73 So. 550; Nashville, Chattanooga & St. Louis Ry. v. Crosby, 183 Ala. 237, 62 So. 889; Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 51 So. 969; Lewis v. Bruton, 74 Ala. 317, 49 Am.Rep. 816.

■ The averments of the bill now considered bring the case within the rules laid down by this Court in the case of City of Selma v. Jones, 202 Ala. 82, 79 So. 476,

L.R.A.1918F, 1020, and the cases there reviewed. See, also, Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Bloch et al. v. McCown, 219 Ala. 656, 123 So. 213; Hanna v. Harman, 230 Ala. 620, 162 So. 109; Town of York v. McAlpin, 232 Ala. 158, 167 So. 539. The case of City of Tuscaloosa v. Williams, 229 Ala. 542, 158 So. 753, in no wise militates against the holdings of the foregoing authorities.

■ We are cited to no authority, and our search has revealed none, which casts upon complainant the burden of raising the question of "comparative injury" in his bill of complaint. There is nothing presently before the Court upon which to decide that question. That matter is defensive, and the burden is on respondent, appellant, to sustain it by allegation and proof.

There is no error in the record, and the decree of the lower court is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.