JOHN NELSON *et al.*

*v.*

GEORGE H. RANDOLPH *et al.*

*Opinion filed October 23, 1906.*

1. PLEADING—*when a sworn bill may be amended.* An affidavit giving a reasonable excuse why amendments germane to a sworn bill were not inserted in the first instance is sufficient to warrant the allowance of such amendments, where such allowance is necessary to make the pleading sufficient and in furtherance of justice.

2. SAME—*when the refusal of leave to amend sworn bill is an abuse of discretion.* If the allowance of amendments to a sworn bill will make a bill under which the complainants would be entitled to the relief sought, or to any equitable relief, and a reasonable excuse for not inserting the matter in the original bill is shown, the court should allow the amendments in furtherance of justice, and its refusal is an abuse of discretion reviewable on appeal.

3. HIGHWAYS—*equity may enjoin obstruction of a highway at suit of individual.* A court of equity has jurisdiction to enjoin the obstruction of a public highway at the suit of an individual who is directly and injuriously affected.

4. SAME—*what sufficient special injury to maintain bill to enjoin obstructing road.* A bill to enjoin the obstruction of an alleged public highway to a cemetery, which alleges that complainants have cared for the cemetery since its dedication and that each complainant has members of his family buried there, shows sufficient special injury to complainants to justify them in maintaining the bill.

5. SAME—*a plat, though defectively executed, is evidence of a common law dedication.* The making of a plat laying off the land into lots and blocks, separated by streets and alleys, and the sale of

lots thereafter by the owner, is evidence of a common law dedication of the streets to the public, even though the plat is not executed in conformity with the statute.

6. SAME—*passing of legal title from owner not essential to a common law dedication.* It is not essential to a common law dedication of a street that the legal title shall have passed from the owner by the plat, and it is sufficient if such owner has clearly manifested an intention to set apart for public use the land designated on the plat as a street, and that the public enjoyed the same in such manner and for such time that public and private rights will be materially affected by an interruption of that enjoyment.

7. SAME—*public is capable of taking dedications for public use.* A common law dedication does not require that there shall be a grantee or some organized body politic for whose benefit the dedication is made, since the public is an ever-existing grantee, capable of taking dedications for public use, and its interests are a sufficient consideration to support the dedication.

8. SAME—*when grant of way is implied.* Where a grant of land is made and the only way of enjoying the benefit of the grant is to pass over other lands of the grantor, there is an implied grant of a way by necessity.

9. SAME—*what does not extinguish public easement.* Where a street has been dedicated to the public as at common law and the dedication accepted by user, the fact that an abutting owner erects buildings in the street and builds fences with gates, through which the public continue to pass, does not extinguish the public easement at expiration of twenty years from the time the fences were built.

APPEAL from the Circuit Court of Adams county; the Hon. A. AKERS, Judge, presiding.

CARL E. EPLER, for appellants.

VANDEVENTER & WOODS, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

John Nelson, George Simmermacher and Peter Hartman, citizens of Keene township, in Adams county, filed their bill in equity, on behalf of themselves and all others having a like interest, to enjoin George H. and Catherine A. Randolph from obstructing and closing up a certain alleged highway extending from a public highway to the Woodville

burying ground, and from interfering with the public in going to and from said burying ground, and to quiet the public in the use of said way.  The circuit court sustained a general demurrer to the bill, denied leave to file certain proposed amendments and rendered a decree dismissing the bill for want of equity, from which complainants prosecute this appeal.

While the bill was sworn to and the right to amend it did not exist as a matter of course, still appellants presented amendments that appear to be germane to the original bill, together with an affidavit giving a reasonable excuse why such matter was not inserted in the first instance, which is all that is required, under the practice, to warrant the allowance of amendments to a sworn pleading when such allowance is necessary to make the pleading sufficient and in furtherance of justice.  (*Jones* v. *Kennicott,* 83 Ill. 484; *Campbell* v. *Powers,* 139 id. 128;  *Cooney* v. *Booth Packing Co.* 169 id. 370;  *Bauer Grocer Co.* v. *Zelle,* 172 id. 407; *Dilcher* v. *Schorik,* 207 id. 528.)  If the allowance of the amendments would have made the bill one under which the appellants could have obtained the relief sought, or any equitable relief, the court should have allowed the amendments in furtherance of justice, and its refusal to do so is an abuse of the discretion which may be reviewed on appeal.  It follows that if the bill stated a case for equitable relief, either with or without the proposed amendments, the court erred in dismissing it for want of equity.  The determination of this question requires a statement of the substance of the bill, which here follows:

The bill recites that in 1836 Isaac N. Morris was the owner in fee of the north-west quarter of section 2, township 2, range 7, west, in Adams county, and that in July of that year he caused to be surveyed and laid out into lots, squares, streets and alleys the town of Woodville, and properly acknowledged said plat and caused the same to be duly recorded;  that the streets and other public grounds were

properly marked on the plat and were appropriated for the purposes designated. A copy of the plat is made an exhibit to the bill, and since it will assist in making the facts more intelligible, it is here inserted:

It is charged that Morris sold lots in said town of Woodville in accordance with said plat. In 1840 Morris sold all

of said quarter section except such part as had been conveyed by said plat to Eaton Littlefield. In 1844 Littlefield and wife executed a warranty deed to the trustees of schools in Woodville, and their successors in office, to a piece of land thirteen rods square, and known as the Woodville burying ground, together with the appurtenances thereunto belonging. It is charged that there was a mistake in the description in this deed, in that it describes the burying lot as commencing at the north-east corner of the Woodville lots when it should be the north-west corner. The lot thus set apart as a burying ground is properly designated on the above plat and is marked "cemetery." In 1847 Littlefield and wife conveyed the north-west quarter to Amos F. Herrick, except the platted town of Woodville and the burying lot. The bill alleges that said Littlefield dedicated the said burying lot to the public and that it has been used for a common public burying ground ever since it was so laid out. By *mesne* conveyances the title to the north-west quarter is traced to Dan H. Randolph, who acquired the title in 1854. All the conveyances expressly except the burying lot. In 1863 Dan H. Randolph died, and appellee George H. Randolph obtained title to blocks 3, 4, 5 and 6, as shown on the plat, except lot 2 in block 6, the title of which is alleged to be in his wife, Catherine A. Randolph, by descent from his father or by conveyances from the other heirs of Dan H. Randolph. Appellees reside on lot 8 in block 3. Lot 8 in block 4 is known as the "school lot," on which a school house formerly stood and was used for school purposes until about thirty years ago. It is charged in the bill that Market street, from its intersection with Main street west to the west line of blocks 4 and 5 and from thence north over the edge of the land lying west of the cemetery lot, is now, and has been for sixty years, open and used as a road to and from the cemetery, and that there is no other road, way or means of reaching the cemetery except as above described. It is charged that the public mowed off the cemetery twice each year and kept

the same in repair; that the same is fenced and that there is a gate maintained at the south-east corner. It is charged that each of the appellants has members of his family buried in the cemetery. It is alleged that about twenty years ago appellee built a fence across Market street about ten rods from Main street and another fence about ten rods further west, but that gates were placed in the fences, through which the public continued to pass and re-pass without hindrance or obstruction; that about thirteen years ago appellee built a barn or stable in the enclosed part of Market street and that he still maintains the fences and stable in said street; that after the expiration of twenty years from the time the fences were first placed across the street, appellee George H. Randolph has forbidden appellants from passing through said gates to or from the cemetery, and has on several occasions violently and with force and arms assaulted persons who were passing or attempting to pass through said gates to bury the dead; that said appellee threatens to close up and lock said gates to prevent appellants and the public from going over said Market street to or from said cemetery, and that he will do so unless restrained by injunction. The bill prays for an injunction against the obstructing of said way, and that appellees be directed to remove said fences and stable, and all other obstruction, from said common way to the burying ground, and that the public be quieted in its possession and use of said burying ground and common way to the same.

1. The jurisdiction of a court of equity to enjoin the obstruction of a public highway at the suit of an individual who is directly and injuriously affected, was recognized in the early case of *Green* v. *Oakes,* 17 Ill. 249, where it is said (p. 251) : "The remedy [for obstructing a public way] by injunction is perfect, and while it protects one from the injury, all are alike benefited without the expense, delay and multiplicity of actions incident to redress at common law; and where the facts are easy of ascertainment and the rights

resulting therefrom free from difficulty, equity will grant relief either at the suit of the public or of a citizen having an immediate interest therein." (See, also, *Craig* v. *People,* 47 Ill. 487; *Snell* v. *Buresh,* 123 id. 151.) If it be conceded that in order to maintain the action by an individual it is necessary to show some special and peculiar injury which is not common to all the public, (which we do not decide,) still the averment of the bill that each of the complainants has members of his family buried in the cemetery is sufficient, in connection with the other averments that appellants and others of the public have heretofore cared for the burial ground and kept the same in repair, to show a special and peculiar injury resulting to appellants from the acts complained of.

2. The averments of the bill in regard to the making of the plat of the town of Woodville by Morris, in 1836, are not sufficient to show that a statutory dedication was made. The statute then in force on the subject of plats required that the plat should be made by the county surveyor, if any, of the county wherein the town or addition was situated, and if there was no county surveyor of such county, then it was to be made by the county surveyor of an adjacent county. The law required the surveyor to certify to the plat. (Rev. Stat. 1833, sec. 1 of an act providing for the recording of town plats, p. 399; see, also, secs. 4 and 5 of said act.) There is no averment that the plat in question was made by the surveyor of Adams county, or that there was no surveyor of said county and that it was made by the surveyor of an adjacent county. Indeed, it is only inferentially stated that it was made by a surveyor at all. These requirements of the statute were not complied with, and therefore the plat cannot be given the effect of a statutory dedication of the streets and alleys to the public. The town of Woodville was never, in fact, organized as a municipal corporation, hence there was not then, nor has there at any time since been, a corporation which could take and hold the fee in the

streets, even if the statute had been complied with so as to pass the title out of the owner.  Notwithstanding its defective execution, still the making of the plat, laying off the land into lots and blocks separated by streets and alleys, and the sale of lots thereafter by the owner, is evidence of the most satisfactory character of a common law dedication. (Elliott on Roads and Streets, sec. 114; *Alvord v. Ashley,* 17 Ill. 363; *Gosselin v. City of Chicago,* 103 id. 623; *Maywood Co. v. Village of Maywood,* 118 id. 61; *Gormeley v. Clark,* 134 U. S. 338.)  A common law dedication does not require that there shall be a grantee or some well defined body politic for whose benefit the dedication is made.  The public is an ever existing grantee, capable of taking dedications for public uses, and its interests are a sufficient consideration to support them.  (*Warren v. Town of Jacksonville,* 15 Ill. 236; *Alvord v. Ashley, supra; Rees v. City of Chicago,* 38 id. 322.)  To constitute a valid common law dedication it is not necessary that the legal title to the street should have passed, by the plat, out of the owner.  It is sufficient that the owner of the title has clearly manifested an intention to set apart for public use the strip of land designated as Market street, and that the public have enjoyed the use in such a manner and for such time as that the public and private rights will be materially affected by an interruption of that enjoyment.  *Maywood Co. v. Village of Maywood, supra; City of Cincinnati v. White's Lessees,* 6 Pet. 431.

We are of the opinion that the averments of the bill are amply sufficient to show a common law dedication and an acceptance by use of Market street from Main street to the western end of the same, and that appellants may maintain this bill for the purpose of preventing an entire obstruction of the same.  The acts of appellees in building the fences and gates across the highway and erecting the stable inside the enclosed part, under the circumstances stated ·in the bill, are neither evidence of adverse possession in appellees or of an abandonment by the public of the right to use the way.

It is true that the owner of the fee of land over which the public have an easement may extinguish the easement by an open, exclusive and uninterrupted adverse possession for the statutory period, where such possession is acquiesced in by the public for such period of time as to raise a fair presumption of an abandonment. (*City of Peoria* v. *Johnson,* 56 Ill. 45; *Power* v. *Watkins,* 58 id. 380; *Township of Madison* v. *Gallagher,* 159 id. 105; *Chicago and Northwestern Railway Co.* v. *People ex rel.* 91 id. 251; *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 id. 25.) But in the case at bar there was no abandonment of the right and none of the use of the way. There was, at most, only an interruption of the use, which is not sufficient to show adverse possession or an abandonment of the right by the public. It follows that if the street in question was dedicated to the public and accepted by user, the acts of appellees in building fences and a stable in the same are unlawful and that their maintenance is a nuisance, and that a bill of this character is one of the appropriate methods of abating the same. Jones on Easements, sec. 889, and cases there cited.

It is said that Market street does not extend to the cemetery, and for that reason, even if it is unobstructed, the public have no right of way from the west end of Market street to the cemetery. This is, we think, clearly a misapprehension of the effect of Littlefield's deed granting the cemetery lot. At the time this dedication was made, Littlefield was the owner of the land lying south of the cemetery gate and west of the west end of Market street. Market street had been platted four years before his conveyance and was in use by the public. It was then, and still is, the only way leading to the cemetery lot. It must be assumed that when Littlefield made the deed to the cemetery he contemplated that the public would come to the cemetery over the only public street that ran near it, and that in going from the end of the street to the cemetery people would necessarily and unavoidably pass over this strip of land. There was

therefore an implied dedication of the right of way to the public of the strip of land for a way to the cemetery. When a grant of land is made and the only way of enjoying the benefit of such a grant is to pass over other lands of the grantor, there is an implied grant of such way. In such case there is a way from necessity. 3 Kent's Com. 420; Jones on Easements, sec. 298, and cases there cited. See, also, *Martin* v. *Murphy,* 221 Ill. 632; *Kuhlman* v. *Hecht,* 77 id. 570.

Whether the relief to be granted to appellants in case the bill shall be sustained by the proof will be only prohibitory of the acts complained of or extend to a mandatory order requiring the removal of the obstructions is a matter which must be left to the sound legal discretion of the trial court, but that appellants are entitled to such relief as will insure them and the public the free and uninterrupted use of the roadway and Market street to the cemetery we have no doubt under the bill.

The decree of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.       *Reversed and remanded.*