## Commissioners of Highways of Oakwood Township, Vermilion County, Appellees, v. Drainage Commissioners of Union Drainage District No. 1, Appellants.

1. ROADS AND BRIDGES—*power of commissioners to institute suit.* Commissioner of highways are authorized to institute suit to prevent irreparable injury to or permit obstruction of the highways under their supervision and control without procuring authority so to do from the town at the annual town meeting.

2. ROADS AND BRIDGES—*who proper plaintiffs in action by highway commissioners.* It is not the town, but the commissioners, who are the proper plaintiffs in an action to prevent injury to or obstruction of highways.

3. INJUNCTIONS—*when lie against drainage commissioners.* Injunction lies to restrain drainage commissioners from the permanent obstruction or impairment of a public highway.

4. INJUNCTIONS—*when granting of mandatory, erroneous.* It is error to grant a mandatory injunction upon an original bill based on facts and conditions which did not exist at the time of the filing of the bill. A prayer for a mandatory injunction likewise is essential to its proper granting.

Bill for injunction. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1910. Reversed in part and affirmed in part. Opinion filed May 26, 1911.

J. L. RAY, for appellants.

THIRD DISTRICT—MAY, 1911.        159

Commissioners of Highways v. Drainage Commrs., 162 Ill. App. 158.

SWALLOW & SWALLOW and REARICK & MEEKS, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Union Drainage District No. 1, town of Ogden, Champaign county, town of Oakwood, Vermilion county, was organized for the purpose of draining farm lands within these townships. The drainage commissioners laid out and contracted for certain work. This work required the enlarging of certain ditches across the highways of the town of Oakwood, Vermilion county. The prosecution and completion of this work required that the bridges then constructed across these ditches should be removed, and the work contemplated and contracted for so enlarged the ditches that at various places the bridges which were formerly in use became useless and the work required the building of new bridges across these ditches upon the public highways. The defendants, the drainage commissioners, insist that it was no part of their duty to rebuild or replace these bridges, that when they constructed their ditches across the public highway in the town of Oakwood it was the duty of the highway commissioners to rebuild these bridges where necessary, or to replace the old ones.

The bill filed by complainants charges the enlarging of the ditches and the necessity for building new bridges and that the defendants, the drainage commissioners, openly declared that it was not their duty and that they would not replace any of these bridges. Defendants admit that the allegations in the bill are true so far as their intentions to tear down and remove these bridges and the declarations of their intention not to replace them. The bill was filed for the purpose of restraining the removal of the bridges until due compensation had been made to the commissioners of highways sufficient to replace or rebuild whatever bridges were so removed by the drainage commissioners. No temporary injunction was sued out or granted, but the bill proceeded to a final hearing without a temporary injunction. By the time the final hearing was had, some of the bridges

100　　APPELLATE COURTS OF ILLINOIS.

Commissioners of Highways v. Drainage Commrs., 162 Ill. App. 158.

had been removed and the chancellor held that it was the duty of the drainage commissioners to replace these bridges and granted a mandatory writ of injunction commanding them to replace the bridges so removed and that the removal of other bridges be restrained until due compensation be made therefor, and it is to reverse that decree that this appeal is prosecuted.

It is insisted by the defendants that the suit is improperly brought in the name of the highway commissioners, and that before any suit could be brought it was necessary that the suit should have been authorized by the legal voters of the town of Oakwood at their annual meeting. The commissioners of highways of the town of Oakwood are given supervision and control over the public highways of the town; it is their duty to care for, repair and see that they are properly maintained for the use of the public, and it is not necessary before action may be brought by them for the purpose of preventing irreparable injury to or permanent obstruction of the highways that they should secure authority to so do from the town at the annual town meeting. The suit is not brought and could not be brought in the name of the township. Complainants are authorized to sue and be sued as commissioners of highways of the town of Oakwood and, when necessary, it becomes their duty to properly protect the highways by resort to legal proceedings. Defendants also insist that these ditches were natural watercourses across the highways and it was the duty of the highway commissioners to provide bridges and to keep and maintain them across the natural watercourses crossing highways. The record discloses that these ditches are not natural watercourses but are artificial drains, constructed by the drainage commissioners; that they were originally constructed prior to the organization of the drainage district, but that the drainage district has acquired jurisdiction over them. The work on the ditches done and contracted for by the drainage commissioners is for the benefit of the district, and it is their duty to so construct them as not to permanently injure or impair the public use of the highways, and the chancellor

correctly found that the work contemplated and contracted for by these commissioners was a permanent obstruction and impairment of the use of the public highways, and where such conditions arise and permanent obstruction or impairment of the public highway is threatened or attempted, a court of equity has jurisdiction and will interfere to prevent same. Smith v. McDowell, 148 Ill. 51; Roloson v. Barnett, 243 Ill. 130; Nelson v. Randolph, 222 Ill. 531; Craig v. People, 47 Ill. 487.

At the time of the filing of the bill the bridges had not been removed or the work contemplated performed, and the bill does not contain a prayer for a mandatory injunction. The bridges were removed after the filing of the bill and no temporary injunction having been granted, although the bill contained a general prayer for relief, the conditions existing at the time of the filing of the bill were not sufficient to warrant the court in decreeing a mandatory injunction for the restoration of the bridges destroyed or removed *pendente lite*. This could only have been properly granted upon the filing of a supplemental bill. While a mandatory injunction is rarely granted, and then only for the purpose of carrying out the decree of the court, it has been used for the purpose of compelling the restoration of certain rights where the court by its decree has prevented the continuation of certain conditions which will deprive a party of his right to have certain conditions existing before that time continued. 181 Ill. 378. In Earl v. De Hart, 12 N. J. Eq. 280, a mandatory injunction was granted to enjoin and restrain defendants from permitting the channel of a watercourse to remain filled up and obstructed, and the court found that the complainant was entitled to have the obstruction removed. In Corning v. T. I. & N. F., 40 N. Y. 191, a mandatory injunction was granted, compelling the restoration of running water to its natural channel.

A mandatory injunction will properly issue for the purpose of compelling restoration of an easement or use of the public in a public highway to its natural condition for use and travel; but it was error in this case to grant a mandatory

injunction upon the original bill upon facts and conditions which did not exist at the time of the filing of the bill. The complainants should have filed a supplemental bill, setting up the conditions occurring after the filing of the original bill, making a specific prayer for a mandatory injunction.

It being the duty of the drainage commissioners to rebuild bridges on the public highways where artificial drains are constructed across the same and defendants herein having publicly and openly avowed that they would not do this and it was no part of their duty, the court did not err in directing that they should make due and just compensation for the damages required to be caused by the performance of the work which the drainage commissioners contemplated and had contracted for.

There being no error in the decree except that portion granting a mandatory injunction, the decree rendered by the chancellor will be modified by the elimination of that portion granting the mandatory injunction compelling the drainage commissioners to restore the bridges, and in all other respects the decree will be affirmed.

*Reversed in part and affirmed in part.*