153 So. 182

## McINTOSH et al. v. MOODY et al.

### 8 Div. 537.

Supreme Court of Alabama.
March 1, 1934.

166

Wm. L. Chenault, of Russellville, for appellees.

Travis Williams, of Russellville, for appellants.

KNIGHT, Justice.

The purpose of the original bill was to require, by appropriate decree, the removal of a certain one-story brick building from and off Washington street, in the city of Russellville, Ala., upon the theory that said street was one of the public streets of said city, and that the construction and maintenance of said building was an unauthorized obstruction of said street, creating thereby a public nuisance, injuriously affecting the rights of the general public, and particularly of the complainants. The bill contains averments showing that the complainants have suffered, and continue to suffer, a special and peculiar injury, not suffered in common with the general public, different not only in degree but also in kind.

It appears from the averments of the original bill that Lawrence and Washington streets are public streets of the city of Russellville; that Lawrence street runs east and west through the business district of said

city, while Washington street runs north and south, and also through the business section of the city. These two streets intersect, and it is averred that the complainants own and are in possession of a certain storehouse and lot which front on Lawrence street, and the west side of their said building and lot runs along the east edge of Washington street.

After much testimony had been taken in the cause, the complainants amended their bill of complaint, making J. H. McIntosh and G. W. McIntosh parties complainant, and J. R. Moody a party respondent thereto.

In this amended bill the complainants aver that "if the lot upon which the one story brick building was built by the said J. R. Moody as described in section 5 of the bill, was in fact abandoned by the city as a part of one of the city streets of the City of Russellville," then that the title to the part so abandoned reverted to the then owners of the abutting land, and to complainants as successors in title to the then owner. While the bill does not employ this exact language, such is the legal effect of the language of the amended bill in this particular.

The bill prays that "if the evidence should show and the court should find that said one story brick building is not now in a public street, and that said strip of land has been abandoned by the city as a part of Washington Street, to the abutting property owners, then the court will, by proper decree, declare the title to the lands described in paragraph 5 of the bill of complaint, and the one story brick building thereon in complainant and will, by appropriate decree, call in and cancel all instruments of writing by and through which the said C. E. Moody claims to have title to or on the said property, *and will direct the register of the court to write upon the record in said instruments after the same are recorded, cancelled by order of the circuit court in equity dated and signed by the register of the court*," and for general relief.

The court sustained the respondents' demurrers to the bill as amended, without indicating the grounds upon which his ruling was based. From this decree the appeal is prosecuted.

■ We are fully persuaded that, as a bill to abate a nuisance, and for the removal of the building, which constituted the nuisance, from Washington street, it sufficiently shows that Washington street was one of the public streets of the city of Russellville; that the construction and maintenance of the "one story brick building in said street" was an unauthorized obstruction thereof, constituting a public nuisance subject to be abated in a proper proceeding.

"Streets and public squares are dedicated or acquired for the *public* use, not alone for that of the people of the city, the corporation being the mere trustee for the public; that erections by private persons on property thus dedicated or acquired, cannot be authorized by the original proprietor, or by the city corporation, and can be authorized only by the legislature; and that unauthorized erections or obstructions thereon are public nuisances." 2 Dillon on Municipal Corporations, § 675; Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; Reed v. Mayor & Aldermen of Birmingham, 92 Ala. 339, 348, 349, 9 So. 161; Olive v. State, 86 Ala. 88, 5 So. 653, 4 L. R. A. 33.

■■ We are also fully persuaded that the averments of the bill show the complainants suffer from the said obstruction an inconvenience and annoyance not endured by the general public, and, in consequence, they suffer a damage peculiar to them, not suffered in common by the general public. Being so circumstanced, complainants may in their own names and right maintain a bill to abate the nuisance, notwithstanding the city could maintain a similar bill. Cabbell v. Williams, 127 Ala. 620, 28 So. 405; Elliott on Roads & Streets, 474; Jones et al. v. Black et al., 48 Ala. 540–544; First National Bank v. Tyson, 133 Ala. 459, 32 So. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 121 So. 62; Batterton v. City of Birmingham et al., 218 Ala. 489, 119 So. 13; First Ave. Coal & Lbr. Co. v. Johnson, 171 Ala. 470, 54 So. 598, 2 L. R. A. (N. S.) 522.

■ The bill avers, in terms, that the complainants "are the owners and in possession of" the lot and two-story brick building abutting on Washington street, at the point where the alleged obstruction is maintained, and we think the averment as to ownership is sufficient, and not subject to the ground of demurrer which challenges the averment as being simply a conclusion of the pleader.

It appears from the allegations of the bill as amended that the complainants are the only heirs at law of the late J. H. McIntosh, to whom, in his lifetime, a mortgage had been given on said property by the respondent J. R. Moody, and which had been foreclosed; but just when such foreclosure occurred, or by whom foreclosed, the bill is silent. The bill, however, does aver that the mortgage had been foreclosed, "the property bought in

at the said foreclosure suit and now owned by the complainants," and, as above stated, they are alleged to be in possession of the same.

■■ There are a number of grounds of demurrer taking the point that the mortgage "was personal property," that it passed to the personal representative, and that the complainants were without authority to foreclose it. The bill does not aver, nor give rise to the inference, that the heirs of said J. H. McIntosh foreclosed the mortgage. The demurrer taking this point is what is termed a "speaking demurrer." Kinney v. J. S. Reeves & Co., 142 Ala. 604, 39 So. 29. Of course, if the mortgage was not, in fact, validly foreclosed, and the complainants are not in fact the owners of said property, such questions, if material to the issue, can and should be raised by proper answer. Whether possession alone would be sufficient to authorize the filing of the bill, we are not called upon to decide.

We hold that the averments of the bill, that the complainants are the owners and in the possession of the said abutting lot, are sufficient.

As a bill to abate a nuisance, we think it is sufficient in averment to invoke the jurisdiction of a court of equity, and not subject to any ground of demurrer assigned to it.

The appellees take the position that the amendment made to the original bill constituted a complete departure from the object and purposes of the original bill, and was therefore subject to demurrer on that ground.

■It will be noted that the complainants have not abandoned their original bill, but have, presumably to meet the evidence, undertaken to enlarge the scope of the bill by adding an alternative ground for relief. To be sure, if this added ground, as contended by appellees, sets up an inconsistent claim to relief, founded on differing states of fact, either of which, if true, entitled the complainants to relief of a wholly different character, the bill as to the added aspect would be subject to demurrer, but the original bill would still remain before the court.

In the case of Ward, Adm'r, v. Patton, 75 Ala. 207, the bill, as originally filed, was by a judgment creditor of one Fearn to be let in to redeem lands under the statute, which appellee Patton had purchased at sheriff's sale, and which were subsequently redeemed from him by Beirne, as administrator of Charles H. Patton, another judgment creditor of Fearn. By subsequent amendments the bill was *converted* into a bill for the enforcement of a trust concerning the lands, supposed to arise from an agreement into which Ward, appellant, the appellee, and Beirne had entered. The last amendment, to which demurrer was sustained, all other parties defendant having been stricken out, reduced the bill to a demand for the recovery of damages from the appellee, because, by alienation to a stranger pending suit, he had incapacitated himself from executing the trust, or performing the agreement. The court in that case held that the amendment was not allowable because of the complete departure from the original cause of action stated.

■ In the case of Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299, this court held a decree sustaining a demurrer to a part of the bill has the effect of striking that part. The complainant may thereupon so amend the part stricken as to give the bill equity in that regard, or he may by express amendment eliminate the portion stricken by demurrer, or, if the bill still contains equity, may proceed thereon without amendment.

The holding in the Sandlin Case, supra, on this particular point, was reaffirmed in our more recent case of Abrams v. Abrams, 225 Ala. 622, 144 So. 828.

■ It would therefore seem that the proper way to have tested the sufficiency of the bill with reference to the added phase, or to have properly tested the propriety of the same, in view of the relief sought in the original bill, was by appropriate demurrer addressed to this added phase of the bill as amended, and not to the bill as a whole.

The demurrers filed by the respondents were interposed to the bill as a whole, and not to any particular phase of the same, and therefore the court committed error in sustaining the demurrer, without regard to any particular defects appearing in the added ground for equitable relief.

■ However, it is quite clear that the amendment did not bring forward a new cause of action, *entitling the complainants to relief*. This for the very obvious reason there was, and is, no equity in that feature of the amended bill which seeks to have it decreed that the lot, upon which the one-story brick building, which constitutes the alleged nuisance, is the property of complainants. The averments of the amended bill in that regard should be treated as redundant —mere surplusage—and they do not make

the bill multifarious, nor do they change its real purpose. Carpenter v. Hall, 18 Ala. 439; Morris v. Morris, 58 Ala. 443; Robinson v. J. Bice & Sons, 206 Ala. 546, 90 So. 307.

We hold also that the said J. R. Moody, if not a necessary, was a proper, party to the proceedings, and the bill was not subject, therefore, to the demurrer for misjoinder.

Inasmuch as the bill, as one to abate a nuisance, was sufficient in averment, the court committed error in sustaining the appellees' demurrers to the bill as a whole, and the decree of the circuit court must, therefore, be reversed, and a decree will be here entered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.