## Rybolt et al. v. Futrell et al.

Sept. 29, 1942.

Joe Lancaster for appellants.

Wells Overbey for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

G. W. Robertson died testate November, 1937, a citizen and resident of Calloway County, Kentucky. The will was lodged for probate by appellees in the office of the Clerk of the Calloway County Court in December, 1937, and ordered by the court to lie over for proof. At the January, 1938, term of the county court it was ordered that "the case be left open." At the March term of the court the following order was entered:

"This case having been left open for proof and no proof having been submitted it is ordered that same be continued."

At the April term of the court the following order was entered:

"This case having been left open from term, pend-

ing proof of the subscribing witnesses to the last will and testament of the said G. W. Robertson, deceased, and no proof having been submitted to date it is ordered that this case be continued until the next regular term of this court."

At the May term of the court the following order was entered:

"This case having been continued in the regular docket from term to term since December, 1937, it is hereby ordered by the Court that the same be and is hereby stricken from the docket."

No other steps were taken until December, 1939, when appellees filed their petition for appeal in the Calloway Circuit Court, together with a transcript of the county court orders indicated above. Appellants filed a demurrer to the petition and asked its dismissal upon the ground that the order entered by the county court at the May term, dismissing the motion to probate the will, was not an appealable order. The court overruled the demurrer and heard proof and ordered and adjudged the offered writing to be the last will and testament of G. W. Robertson and ordered the clerk of the Calloway County Court to admit said writing to record as the last will and testament of the deceased and directed the judge of the county court to sign the orders probating said will. The appellants excepted to the judgment of the court and prayed an appeal which was granted.

The only ground of reversal assigned and urged in brief of appellants is that since the county court neither probated nor refused to probate the will, but merely dismissed appellees' motion for the want of prosecution or failure to offer proof of the will, the circuit court was without jurisdiction of the subject matter and hence its action and judgment was an usurpation of jurisdiction which is contrary to Section 4849 of the Kentucky Statutes and various opinions of this court holding that the county courts have the exclusive jurisdiction of the probate of wills. Appellees concede that circuit courts are without original jurisdiction to probate wills, but insist that the county court's action in dismissing the motion to probate the will was a refusal to probate the will and therefore appellees had the right to appeal to the circuit court and the circuit court had jurisdiction of the appeal and had the right to hear the evidence and render a final judgment directing the county court to

probate the will. To sustain their position appellees cite and rely upon the case of Preston v. Fidelity Trust & Safety Vault Company, 94 Ky. 295, 22 S. W. 318, 319. In that case the will was offered for probate in the Jefferson County Court and after the proof was taken the court was of the opinion that the testatrix was a legal resident of Trimble County, Kentucky, at the time of her death and that the Jefferson County Court had no jurisdiction to probate the will, and dismissed or overruled the motion. The propounders of the will appealed to the Jefferson Circuit Court and the contestants moved to dismiss the appeal for want of jurisdiction on the part of that court to determine the question, insisting that the remedy for the propounders was not by an appeal but to apply to a court of superior jurisdiction to compel the county court, by mandamus, to dispose of the case on the merits. The circuit court overruled the motion to dismiss the appeal and the contestants filed their petition in the appellate court asking for a writ of prohibition commanding the judge of the circuit court to cease entertaining jurisdiction on the appeal. The appellate court refused the writ of prohibition, holding that the Jefferson Circuit Court had jurisdiction of the appeal, the court saying:

"The language of the statute in regard to appeals in will cases does not require, before an appeal can be taken, that a judgment should first be rendered, invalidating the paper. It is enough that the court to whom the application is made refuses to probate the writing. Whether for the one cause or the other, the will has been rejected, and the right to an appeal exists. * * * The case was before the county court for judgment, and, if that judgment is *final* as to that court, there is no reason for withholding from the circuit court the power to try the entire case, if, in his opinion, the county court had jurisdiction to probate the paper." (Our emphasis.)

The Jefferson County Court having heard the evidence on the motion including the question of residence of the testatrix which was an essential element of jurisdiction, and having concluded that the court was without jurisdiction to entertain the motion to probate the will, the order overruling or dismissing the motion for want of jurisdiction was a final one, and that being true it is obvious that the only remedy available to the pro-

pounders of the will was by appeal to the circuit court, and the only issue involved being the question of residence of the testatrix it was necessary that the circuit court hear the proof on that question and determine for itself the question of residence of the testatrix and enter judgment accordingly, and it had the right to direct the county court to comply with that judgment.

We do not think the facts in the case, supra, are analogous to the facts in the present case. In the present case it is obvious from the orders of the county court entered between December, 1937, and May, 1938, that the court merely dismissed appellees' motion to probate the will for the want of proof or want of prosecution, but did not purport to reject the will upon the merits of the motion. In the circumstances the appellees, propounders of the will, still had their remedy, since they could have brought their witnesses into the county court and renew their motion to have the will probated. Had appellees pursued their remedy in the county court to a final conclusion, a different question would have been presented. But since the county court order dismissing the motion to probate the will was not a final order, or one which affected the merits of the motion to probate the will, we conclude that the circuit court was without jurisdiction of the subject matter.

For reasons stated, the judgment is reversed and remanded with directions to set it aside and to dismiss the petition for appeal.