MADDOX, Justice.
This appeal presents three main issues: 1) the right of trustees of a cemetery to bring an action to enjoin what they contend was an obstruction of a public way used for ingress to and egress from the cemetery and for parking when funerals were conducted at the cemetery; 2) if there was a public way, whether it had been abandoned; and 3) whether injunctive relief was appropriate under any circumstance.
Billy Commalander and his fellow trustees of Brook Cedrón Cemetery, which is located in Baldwin County, filed a complaint against the defendants, in which they claimed that the defendants had interfered with their right to use the road and right-of-way by constructing improvements on the property. They prayed for an injunction to order the defendants to remove the improvements, which consisted of a house and fence, from the road and right-of-way.
Defendant T.A. McKenzie, who had originally owned the property in question, and Donnie Boothe, who purchased the property from McKenzie, contended that the road near which the house was situated had been abandoned. After an ore tenus hearing, the trial court granted a permanent injunction against McKenzie and Boothe and ordered the removal of the house and fence. This appeal ensued.
The subject of the controversy is a portion of the Old McKenzie-Ferry Road (hereinafter the “Old Road”), which at one time connected Fairhope and Foley. The McKenzie-Boothe property lies south of the Old Road, between the Old Road and present U.S. Highway 98. . Brook Cedrón Cemetery lies north of the Old Road.
U.S. Highway 98, which was constructed in 1945, covers roughly the same route once serviced by the Old Road. In fact, a portion of the Old Road was excavated during the construction of the highway to provide landfill. Only a fragment of the Old Road was left connecting the cemetery with Highway 98, and there is another entrance to the cemetery directly from Highway 98. It is undisputed, however, that this fragment of the Old Road was used as access to the cemetery and for parking during funerals from 1945 until 1981.
In 1981, McKenzie constructed the house and fence which the trustees claim encroach on the Old Road’s right-of-way, and which they wanted removed.
The trial court in its order stated:
“1. That the ‘Old McKenzie Ferry Road’ has been used by the public for access to the Brook Cedrón Cemetery for a period in excess of fifty (50) years.
“2. That the right of way of said road has been used for parking at funerals in the cemetery for a period in excess of fifty (50) years.
*478 “3. That the Defendants have constructed improvements within the right of way of said road in the form of a house and fence thereby interfering with the Plaintiffs’ right of access to the Brook Cedrón Cemetery and interfering with parking on the right of way during funerals at said cemetery.
“It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:
“1. That the Defendants remove said house and fence from the right of way of the ‘Old McKenzie Ferry Road’ within ninety (90) days from the date of this judgment.
“2. That the Defendants are forever restrained and enjoined from placing any improvements within the right of way of the ‘Old McKenzie Ferry Road.’
“3. That the Defendants are hereby taxed with the cost of this proceeding for which let execution issue.”
We have examined the record, and we find that there is sufficient evidence to support the findings of fact made by the trial judge.
McKenzie and Boothe contend that the judgment should be reversed because, they argue:
1. The Old Road had been abandoned.
2. The trustees lacked standing to sue.
3. The relief granted was overly broad.
4. The trial court’s injunction fails to comply with Rule 65(d), Ala.R.Civ.P.
I
McKenzie and Boothe contend that the public road had been abandoned. Their main argument is that there was an abandonment because the Old Road had been replaced with U.S. 98. They cite Bownes v. Winston County, 481 So.2d 362 (Ala.1985), in support of their position. In that case, this Court said the following:
“ ‘The ancient maxim, “once a highway, always a highway,” which has frequently been quoted by the Courts, is subject to the qualification that a highway, once established, continues until it ceases to be such by action of the general public in no longer traveling upon it, or by action of the public authorities in formally closing it. Accordingly, a highway once in existence is presumed to continue until it ceases to be such, owing to abandonment or some other lawful cause.’ ”
481 So.2d at 363.
The evidence on the question of abandonment was in conflict, and we find that the record contains sufficient evidence to support the judgment of the trial court finding no abandonment of the public way.
II
McKenzie and Boothe next contend that the trustees lacked standing to seek the injunction. We disagree. This Court has stated:
“An entity may bring an action to prevent the obstruction of a public road’ where it has suffered damages different in kind and degree from those suffered by the public in general.”
Gary Pugh Realty, Inc. v. Hubbard, 514 So.2d 1304, 1305 (Ala.1987).
As the trustees argue, they have family members buried in the cemetery, and there was evidence presented that they were specially affected by the construction of the house and fence, because the area where the house and fence were located had been used for parking when funerals were held at the cemetery.
In support of their argument that they have standing, the trustees cite this Court’s case of Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774 (1945), in which this Court found that the families of those interred in a small cemetery were specially affected by the obstruction of the cemetery’s access road so that they did have standing to bring suit. The Court stated:
“A cemetery is a place not only for the burial of the dead but for an expression of love and respect by the living for the dead. Hence there must be accorded to complainants not only the right of burial but also the right to visit, maintain and beautify the graves of relatives interred therein, without obstruction in the public road.”
246 Ala. at 408, 20 So.2d at 775.
Admittedly, in Scruggs, the Court found that “[t]he public road offers the only means of entry to and from the graveyard,” but we do not think that the *479 Scruggs Court intended to say that a person who has another means of access could not show the “special injury” required in order for that person to sue to have an obstruction to a public road removed. Even so, there was evidence presented in this case that the property on which the house was located had been used for automobile parking by persons attending funerals at the cemetery.
Appellants contend that this Court should find, as a matter of law, that the trustees have shown no special injury entitling them to injunctive relief. They cite Garland v. Clark, 264 Ala. 402, 88 So.2d 367 (1956), in which there was a suit in equity to have a tract of land that had been used as a parking lot and as access to a cemetery declared to have been dedicated as a part of the cemetery and to enjoin obstruction of its use as such and for other relief. In that case, this Court specifically determined that “[tjhere is an area south of the cemetery, about fifty-seven by forty-six feet, over which a roadway to a public highway is now used to enter the cemetery and is suitable for parking.” 264 Ala. at 404, 88 So.2d at 368. In that case, the Court also found that the cemetery was not a public one, but a private one. In this ease, the obstruction is on the public right-of-way, which, if it had not been abandoned, the public had a right to use. Because there was evidence that the area obstructed was used for parking, we find that the Garland case is distinguishable. In any event, we find that the trial judge in this case had before him sufficient evidence to support a finding of a special injury, although the record shows that the house and fence are not located directly in the roadway so as to deny the use of the road for travel to and from the cemetery. If we held that the trial judge erred in requiring the obstruction to be removed, we would be substituting our judgment of the tendencies of the evidence for his. This we decline to do.
Ill
Was the injunction overly broad in requiring the removal of the obstruction, as appellants claim? Appellants say that it is, because the evidence shows that ingress to and egress from the cemetery is unobstructed and that other property located near the cemetery could be used for parking. The injunction was based on an exercise of the discretion vested in the trial judge to do equity, and we cannot conclude that the judge entered an overly broad order.
IV
Last, appellants claim that the injunction fails to comply with Rule 65(d), because, they say, it lacks specificity. One point appellants make is that the injunction does not define the boundaries of the Old Road and there is “no indication as to how far Boothe must move his house to remove it from the Old McKenzie-Ferry Road.” If the parties cannot agree on the exact boundaries of the Old Road, the trial court is authorized to make additional findings, based upon this record, or based upon additional testimony, to specify the exact boundaries of the Old Road and its right-of-way.
Based upon the foregoing, the judgment of the trial court is due to be affirmed, on the condition, however, that appellants shall be entitled to have the exact boundaries of the Old Road established.
AFFIRMED CONDITIONALLY.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.